

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00451-CR

MELVIN BLADIMAR RIVAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3341-1108, Honorable Kregg Hukill, Presiding

June 1, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Melvin Bladimar Rivas (appellant) appeals his conviction for driving while intoxicated, third or more. He pled guilty to the charge and was sentenced to five years in prison. However, the sentence was suspended, and the trial court placed him on probation or community supervision for five years. Subsequently, the State moved to revoke his probation. A hearing was held on the motion whereat appellant pled not true to the allegations. Upon receiving evidence, though, the trial court granted the motion and levied the original five year sentence. After he perfected a timely appeal and was

appointed counsel, the latter filed both a motion to withdraw and an *Anders* brief.[1] Through those documents, he certified that, after diligently searching the record, the appeal was without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there was no reversible error and of appellant's right to file a response, *pro se.* So too did he represent that the appellate record was provided to appellant. To date, no response has been filed by appellant.

The record discloses that appellant was placed on probation in February of 2014 and ordered to report monthly. He stated that he was a U.S. citizen at the time he pled guilty and that his birthplace was Roswell, Georgia. However, he was deported on March 17, 2014 to "his country, Honduras." He later returned to the United States and was arrested in Kansas on August 19, 2015.[2] According to the probation officer, appellant had been living in that state for approximately five months prior to his arrest. Other evidence of record indicates that appellant failed to report, pay community supervision fees and perform community service as required by the conditions of his probation. Those were the grounds upon which revocation was both sought and based.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which areas included the original plea of guilty and plea hearing. Counsel then explained why the issues lacked merit.

We conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] Appellant testified at the revocation hearing that he may face federal prosecution for re-entering the United States.

(Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). No such error was uncovered.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[3]


Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.